UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAAI LOCKHART, | No. 2:11-cv-01895-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| DOE 1, an individual and SOUTHWEST AIRLINES CO., a corporation, and DOES 2 through 25, inclusive, | |
| Defendants. | |

On November 15, 2013, the court conducted a status conference. Jeannette Y. Orozco appeared for plaintiff Vaai Lockhart and Rebekka Martorano appeared for defendant Southwest Airlines Co. ("Southwest"). The court makes the following orders:

I.   TRIAL DATE

The trial date is continued to **March 3, 2014 at 9:00 a.m**. A final pretrial conference is set on **January 9, 2014 at 2:30 p.m**.

II.   SETTLEMENT

The parties stipulate to the assigned magistrate judge to act as a settlement judge. Accordingly, the case is referred to a court convened settlement conference with Judge Kendall J. Newman to take place on **February 11, 2014 at 9:00 a.m.** in courtroom number twenty-five (25). The parties are directed to submit their confidential settlement conference statements to the court

1

using the following email address: kjnorders@caed.uscourts.gov.  If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).  Statements are due at least 7 days prior to the Settlement Conference.  Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the settlement conference on any terms.  *See* Local Rule 270.

III.     MOTIONS IN LIMINE

The court issues the following tentative ruling as to Southwest's *motion in limine* to preclude plaintiff from introducing any expert testimony at trial (ECF 24-5).

On January 22, 2013, this court issued a scheduling order, directing the parties to disclose the experts they proposed to tender at trial no later than May 3, 2013, and to complete all expert discovery by August 9, 2013.  (ECF 22 at 2-3.)  Southwest filed its expert disclosure on May 3, 2013.  (ECF 23.)  According to the court docket, plaintiff has not filed an expert disclosure as of the date of this order and has not served an expert disclosure on Southwest.  (ECF 24-6 ¶ 3.)

Southwest argues plaintiff "should be precluded from calling any expert witnesses at trial" because plaintiff did not disclose any experts on or before May 3, 2013, and plaintiff has not attempted to resolve the failure to disclose with Southwest.  (ECF 24-5 at 2.)

Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness, accompanied by a written report prepared and signed by the witness and this disclosure must occur "at the times and in the sequence that the court orders."  FED. R. CIV. P. 26(a)(D).  In the absence of a stipulation or a court order, the disclosures are to be made "at least 90 days before the date set for trial . . . ."  *Id.*  A party who fails to provide information or identify a witness when required by Rule 26(a) or 26(e) "is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or harmless."  FED. R. CIV. P. 37(c)(1).  The burden is on the party facing sanctions to prove harmlessness.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).  In determining whether the violation of the discovery deadline is harmless, the court

1  should consider (1) prejudice or surprise to the party against whom the evidence is offered;
2  (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and
3  (4) bad faith or willfulness in failing to make a timely disclosure.  *Lanard Toys Ltd. v. Novelty,*
4  *Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).
5        Here, this court's scheduling order expressly directed the parties to file their expert
6  witness disclosures on or before May 3, 2013.  (ECF 22 at 2-3.)  It appears undisputed that
7  plaintiff has not filed any expert disclosures as of the May 3 date; thus, plaintiff has not complied
8  with Rule 26.  Because the instant motion is unopposed, the court cannot ascertain whether the
9  failure to disclose was justified or harmless.  Accordingly, the court's tentative ruling is to
10 GRANT Southwest's motion.
11       IT IS SO ORDERED.
12 DATED:  November 22, 2013.

                UNITED STATES DISTRICT JUDGE